William E. STERLING, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–291–CR.

Court of Appeals of Texas,
Corpus Christi.

May 24, 1990.

Ken McLean, Houston, for appellant.

Mark R. Kelly, Criminal Dist. Atty., Port Lavaca, for appellee.

## OPINION

SEERDEN, Justice.

Appellant pleaded guilty to forgery of a check, and, pursuant to a plea bargain, the trial court assessed ten years' imprisonment, probated for ten years, a $500 fine, court costs, and $230 restitution. By eleven points of error, appellant challenges the revocation of probation and the "stacking" of his sentence with that in a conviction for a credit card offense. We affirm the trial court's judgment.

On August 1, 1988, the trial court accepted appellant's guilty plea and, pursuant to a plea bargain by which the State abandoned the enhancement paragraphs, sentenced him, and put him on probation. (The State filed a petition to revoke probation on August 8. On October 3, the petition was withdrawn after appellant agreed to a modification of probation terms.) On May 4, 1989, the State filed a petition to revoke probation. On June 29, 1989, the trial court accepted appellant's plea which was received as a result of a plea bargain. Appellant agreed to plead true and receive a ten-year sentence so long as it would run concurrently with another sentence, received in trial court case no. 89–4–3863. The next day, however, appellant wrote the trial court requesting that it accept a "withdrawal" of his plea, alleging that the agreement reached there was not exactly the one he had bargained for with the State, but that the State had added to it. The trial court granted his motion and granted a new trial on July 5, 1989.

On July 13, 1989, with another judge presiding, appellant pleaded not true, but the trial court found that he violated the terms of probation, and sentenced him to ten years' imprisonment to begin after he completed the 30–year term he had received in a jury trial of cause no. 89–4–3863 on June 28, 1989.

By point one, appellant alleges that the trial court abused its discretion when it allowed him to withdraw his plea by a letter which he claims did not conform to Tex.R.App.P. 30. Appellant asserts that evidence must support a motion to withdraw a plea or for a new trial, that his letter was not evidence, and further, that it encompassed no reason in law for withdrawing the plea and granting a new trial. He also contends that the trial court should have advised him of all of the possible consequences of rescinding a negotiated plea.

Appellant's letter specifically requests that the trial court accept the "withdrawal" of the plea of true and asserts that the agreement in court was not the same as his written agreement because the State had added to it. He asks the trial court to read it and to recall his reluctance at the hearing. Later in the letter, he states, "I realize I would be taking a chance withdrawing said plea, but this agreement is not what I agreed to."

When a motion states grounds that would entitle an accused to a new trial, it is to be considered a motion for new trial, regardless of its title. *Spivey v. State*, 140 Tex.Cr.R. 107, 143 S.W.2d 386, 387 (1940); *Balderas Cortez v. State*, 735 S.W.2d 294, 301 (Tex.App.—Dallas 1987, no pet.). Whether to grant a new trial is a matter within the trial court's discretion. *State v. Daniels*, 761 S.W.2d 42, 44 (Tex. App.—Austin 1988, pet. ref'd). Tex.R. App.P. 30(b)(2) directs the granting of a new trial when the trial court has committed "material error calculated to injure the rights of the accused." It is a trial court's duty to award a new trial when it has any doubt about the fairness or impartiality of a trial. *Ruth v. State*, 522 S.W.2d 517, 519 (Tex.Crim.App.1975); *Bennett v. State*, 677 S.W.2d 121, 129 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

It is not necessary to support a motion for new trial with affidavits when the matters relied on to support the motion are already in the record. *Daniels*, 761 S.W.2d at 44. Similarly, because the trial court could determine the allegations from the record, its failure to conduct a hearing was not error. *See Darrington v. State*, 623 S.W.2d 414, 416 (Tex.Crim.App.1981); *Daniels*, 761 S.W.2d at 44. Appellant cites four cases in which the trial court denied a motion for new trial and the appellate court opined that evidence supporting the defendant's claims was lacking. Here, the trial court did not deny a new trial but exercised its discretion in granting a new trial at appellant's request. Moreover, appellant cited cases involving allegations of jury misconduct, of newly discovered evidence, and of ineffectiveness of counsel, and were based on facts not already in the record. They are not applicable in this case.

Tex.R.App.P. 32 provides that the granting of a new trial restores a party to his former position. At the June 29, 1989, hearing, the trial court explained the range of punishment. Appellant had bargained with the State that the sentence be cumulated with that in another cause. Appellant could hardly expect to rescind his part of the bargain but hold the State to its part. Moreover, it was appellant, and not the State, that requested the new trial. A party cannot invite error and then complain of it on appeal. *Capistran v. State*, 759 S.W.2d 121, 124 and 126 (Tex.Crim.App. 1982); *Cadd v. State*, 587 S.W.2d 736, 741 (Tex.Crim.App.1979); *Quevedo v. State*, 661 S.W.2d 321, 322 (Tex.App.—Corpus Christi 1983, pet ref'd). We overrule point one.

The State's petition to revoke probation alleged violations in ten paragraphs. The Order Revoking Probation indicates findings of violation of paragraphs 2, 3, 5, 6, 7, 8, 9, and 10. Appellant's points 2, 3, 4, 5, 8, 9, 10, and 11 contest findings on paragraphs 7, 8, 9, 10, 6, 3, 2, and 5 respectively. The terms of appellant's probation included that he not violate Texas law. By point nine, appellant argues that the trial court abused its discretion in sustaining the State's claim in paragraph 3, that he possessed a syringe and bottle cap cooker with intent to use them to inject heroin, and by point ten, he argues that the trial court abused its discretion in sustaining the State's claim in paragraph 2, that he possessed diazepam, a controlled substance, in an amount of less than 200 grams. *See* Tex. Health and Safety Code §§ 481.-002(17)(H) and (K), 481.104(a)(2), 481.117(a) and (b), 481.125(a) (Vernon Pamph. 1990).

The burden of proof in a probation revocation hearing is by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *see Harkins v. State*, 782 S.W.2d 20, 22 (Tex.App.—Fort Worth 1989, no pet.). In a probation revocation hearing, the trial court is the sole factfinder, and we view the evidence in the light most favorable to its decision. *Alford v. State*, 676 S.W.2d 199, 201 (Tex.App.—Corpus Christi 1984, no pet.). The only question on appeal is whether the trial court abused its discretion. *Cardona*, 665 S.W.2d at 493. Violation of a single condition of probation will support its revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App.1980).

In his brief, appellant concedes that Officer Simpson found narcotic paraphernalia in his possession, as well as what he

believed to be 12 diazepam or valium tablets. He complains that a pharmacist testified that the tablets were valium, or diazepam, based on their appearance, and that the State introduced no chemical analysis. He also complains that no evidence shows that he intended to use the paraphernalia to inject heroin.

Simpson testified that in appellant's shirt pocket, he found 12 valium tablets, a syringe, a fingernail cleaning tool with a flat spoon on one side, and a leather pouch containing a bottle cap and a small piece of cotton in a glass tube. He explained the use of these items to prepare and inject heroin. Simpson testified that valium is diazepam. On cross-examination, Simpson explained that his knowledge of the use of the items for injecting heroin was based on six years' experience conversing with persons who inject heroin and observing people prepare and inject heroin.

John L. Dodd, a licensed pharmacist, testified that it was part of his profession to identify medication which the Texas Controlled Substances Act requires to be dispensed by prescription. Dodd identified the pills based on their appearance and markings. He identified the pills as valium and testified that the chemical name is diazepam, that it is a controlled substance, that he has dispensed them through his pharmacy, and that the pills in the State's exhibit would have a total weight of less than 200 grams.

A person who is familiar with a substance may identify it. *See* Tex.R.Crim. Evid. 602 (Vernon Supp.1990). An expert may identify a controlled substance without chemical analysis. *See Campos v. State,* 716 S.W.2d 584, 588 (Tex.App.—Corpus Christi 1986, no pet.) (police officer identified marihuana based on experience). Circumstantial evidence is generally relied on and is sufficient to prove a required mental state. *Kohler v. State,* 713 S.W.2d 141, 144 (Tex.Crim.App.1986, pet. ref'd). The evidence was sufficient to support the trial court's findings. We overrule points nine and ten.

■ To obtain reversal for insufficiency of the evidence in a probation revocation case, a defendant must successfully challenge each ground on which the trial court relies, because one sufficient ground supports the trial court's order. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Grim v. State,* 656 S.W.2d 542, 543 (Tex.App.—Corpus Christi 1983, no pet.). Since we have found the evidence sufficient to support a violation, points 2, 3, 4, 5, 8, and 11 are not dispositive. We need not address them. *See* Tex.R.App.P. 90(a).

■ Points six and seven allege violations of Tex. Const. art. I, § 19 and U.S. Const. amend. XIV. By point six, appellant asserts that his sentence is the direct result of prosecutorial vindictiveness, in that after he obtained his "new trial," the prosecutor successfully sought to have his sentence cumulated ("stacked"), to run consecutively, rather than concurrently, with another sentence. By point seven, appellant claims that no findings justified the increase in punishment at his retrial.

Appellant asks us to accept the assumption that his letter request to withdraw the plea is the functional equivalent of attempting to appeal. The part of the bargain to which appellant objected in his letter was the State's alleged addition to the terms. On the plea of true, a handwritten addition denies appellant the right to an appeal or to any collateral attack on the conviction.

Appellant cites, in his attack on the sentence, *Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986); *Wasman v. United States,* 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). None of those cases, however, involve rejection of a plea bargain or a "new trial" on whether to revoke probation. (*McCullough* attacks a sentence on retrial after grant of new trial, *Wasman* attacks a sentence on retrial after successful appeal, *Blackledge* involves reindictment on a more serious charge following notice of appeal, and *Pearce* attacks a sentence on retrial after post-conviction relief.)

A defendant's rejection of a plea bargain is discussed in *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), and in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604, *reh'g denied*, 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978). Those cases differ from this one in that the prosecutors reindicted the defendants on more serious charges following their rejections of plea bargains, while in this case, the allegations remained the same but the prosecutor obtained a harsher application of the sentence. The U.S. Supreme Court refused to presume vindictiveness, however, pointing out the difference between unilateral imposition of a penalty as a response to a defendant's exercise of his rights and the "give-and-take negotiation common in plea bargaining between the prosecution and defense, which arguably possess relatively equal bargaining power." *Bordenkircher*, 434 U.S. at 362, 98 S.Ct. at 667. *Bordenkircher* recognized that a plea may be induced by promise of recommendation of a lenient sentence or a reduction of charges, and that it is also permissible, in the plea context, to confront a defendant with a risk of more severe punishment. *Bordenkircher*, 434 U.S. at 364, 98 S.Ct. at 668. Apparently, the prosecutor's actions in *Bordenkircher* and *Goodwin* were proper exercises of prosecutorial discretion. *Goodwin*, 457 U.S. at 380, n. 12, 102 S.Ct. at 2492, n. 12.

This case differs from *Bordenkircher* and *Goodwin* in another way favorable to the State. We point out that the sentence was assessed before the trial court granted probation. When sentence is imposed, the trial court may or may not cumulate sentences, in its discretion. *McCullar v. State*, 676 S.W.2d 587, 588 (Tex.Crim.App. 1984); Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon Supp.1990); *see Ybanez v. State*, 770 S.W.2d 106, 107 (Tex.App.—Corpus Christi 1989, pet. ref'd). Sentence is not imposed until probation is revoked. *McCullar*, 676 S.W.2d at 588; Tex.Code Crim.Proc.Ann. art. 42.12 § 8(a) (Vernon Supp.1990). Thus, upon revocation of probation, the trial court could impose sentences consecutively rather than concur-

rently. *McCullar*, 676 S.W.2d at 588; *Gordon v. State*, 575 S.W.2d 529, 535 (Tex. Crim.App.1979).

When appellant bargained with the State to plead true, the State agreed to recommend that the sentence be concurrent with that imposed for a subsequent conviction. The trial court accepted the bargain. After it granted the new trial at appellant's request, however, there was no bargain. The State was free to seek consecutive sentencing, and the judge was free to impose it, as it might have in the first place without the bargain.

Moreover, when appellant pleaded true, he pleaded to paragraphs 4, 6, 7, 8, 9, and 10. These alleged that he left the county without permission, failed to report, and failed to pay fees. After the hearing ("new trial") on whether to revoke probation, the trial court found violations of paragraphs, 2, 3, 5, 6, 7, 8, 9, and 10. Paragraphs 2 and 3 alleged that appellant possessed a controlled substance and paraphernalia. This was evidence of an additional offense appellant committed while on probation, besides the credit card conviction on which the judge stacked this sentence. Thus, after the full hearing (or retrial), the judge had additional grounds on which to base not only his revocation but also his decision to stack the sentence.

█ Assuming arguendo that the trial court increased appellant's sentence on "retrial," this is a situation in which the increase was justified by additional information. A presumption of vindictiveness (which does not apply here) may be overcome by specific findings or objective information. *McCullough*, 475 U.S. at 142, 106 S.Ct. at 981; *Wasman*, 468 U.S. at 565–66, 104 S.Ct. at 3221–22; *see Ex parte Bates*, 640 S.W.2d 894, 899 (Tex.Crim.App.1982).

Moreover, the judge at the "retrial" was not the same one who accepted the plea of true at the prior proceeding. Thus, the trial judge had no personal stake in the prior conviction. *See Chaffin v. Stynchcombe*, 412 U.S. 17, 27, 93 S.Ct. 1977, 1983, 36 L.Ed.2d 714 (1973); *McCullough*, 475 U.S. at 140 n. 3, 106 S.Ct. at 980 n. 3;

*Jackson v. State*, 766 S.W.2d 518, 521 (Tex. Crim.App.1988).

Appellant has failed to show actual vindictiveness, or that the plea bargain did not account for the difference in the sentence as imposed. We overrule points six and seven.

We AFFIRM the trial court's judgment.

KEYS, J., not participating.