

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00409-CR

**VICTOR BORCHICK,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 40th District Court
Ellis County, Texas
Trial Court No. 32957CR**

## MEMORANDUM  OPINION

Victor Borchick contends in his sole point that the court abused its discretion by revoking his community supervision and imposing the maximum sentence.  We will affirm.

Borchick pleaded guilty to burglary of a habitation in June 2008.  Pursuant to a plea agreement, the court assessed his punishment at ten years' imprisonment and a $1,500 fine, suspended imposition of sentence, and placed him on community supervision for five years.  The State filed a motion to revoke his community

supervision two months later. As amended, the revocation motion alleged nine violations. Borchick pleaded "true" to four of the alleged violations. Based on the evidence presented, the court found three additional allegations true. The court revoked Borchick's community supervision and imposed the original sentence.

Borchick presents two complaints in his point of error. First, he contends that the court abused its discretion in revoking his community supervision because "a cause for revocation of community supervision was not established by the evidence." We construe this as a contention that the evidence is insufficient to support the decision to revoke his community supervision.

At most, however, Borchick challenges the court's findings with regard to only five of the seven violations found by the court.[1] "To obtain reversal for insufficiency of the evidence in a probation revocation case, a defendant must successfully challenge each ground on which the trial court relies, because one sufficient ground supports the trial court's order." *Anderson v. State*, No. 10-07-00294-CR, 2008 WL 3506875, at *1 (Tex. App.—Waco Aug. 13, 2008, no pet.) (quoting *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980))). Because Borchick does not challenge the sufficiency of the evidence with respect to two of the seven violations found by the court, we overrule his complaint regarding the sufficiency of the evidence. *See Moore*, 605 S.W.2d at 926; *Anderson*, 2008 WL 3506875, at *1.

---

[1] Specifically, Borchick pleaded "true" to allegations 7 (leaving the county without permission), 9 (failure to pay supervision fee), 10 (failure to pay costs and other fees), and 18 (failure to abide by curfew). He does not challenge the court's findings that he committed the first and last of these violations.

Next, Borchick contends "that the imposition of the maximum sentence, although allowed by law, was too severe under the circumstances." Article 42.12, section 23(a) of the Code of Criminal Procedure provides in pertinent part, "If community supervision is revoked after a hearing under Section 21 of this article, the judge may proceed to dispose of the case as if there had been no community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp. 2008). "In other words, the judge may impose the sentence originally assessed." *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.); *accord Anderson*, 2008 WL 3506875, at *1 ("That statute invests a trial court with discretion upon revocation to impose the original sentence"). A court does not abuse its discretion by imposing the sentence originally assessed. *Mendoza v. State*, No. 04-06-00135-CR, 2006 WL 2546485, at *1 (Tex. App.—San Antonio Sept. 6, 2006, no pet.) (not designated for publication); *May v. State*, No. 07-03-00420-CR, 2005 WL 1743359, at *1 (Tex. App.—Amarillo July 25, 2005, no pet.) (not designated for publication). Thus, we overrule Borchick's complaint that the court abused its discretion by imposing the sentence originally assessed.

The judgment is affirmed.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 29, 2009
Do not publish
[CR25]