IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00409-CR

 

Victor Borchick,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 32957CR

 



MEMORANDUM  Opinion



 








            Victor Borchick contends in
his sole point that the court abused its discretion by revoking his community
supervision and imposing the maximum sentence.  We will affirm.

            Borchick pleaded guilty to
burglary of a habitation in June 2008.  Pursuant to a plea agreement, the court
assessed his punishment at ten years’ imprisonment and a $1,500 fine, suspended
imposition of sentence, and placed him on community supervision for five
years.  The State filed a motion to revoke his community supervision two months
later.  As amended, the revocation motion alleged nine violations.  Borchick
pleaded “true” to four of the alleged violations.  Based on the evidence
presented, the court found three additional allegations true.  The court
revoked Borchick’s community supervision and imposed the original sentence.

            Borchick presents two
complaints in his point of error.  First, he contends that the court abused its
discretion in revoking his community supervision because “a cause for
revocation of community supervision was not established by the evidence.”  We
construe this as a contention that the evidence is insufficient to support the
decision to revoke his community supervision.

            At most, however, Borchick
challenges the court’s findings with regard to only five of the seven
violations found by the court.[1]
 “To obtain reversal for insufficiency of the evidence in a probation
revocation case, a defendant must successfully challenge each ground on which
the trial court relies, because one sufficient ground supports the trial
court’s order.”  Anderson v. State, No. 10-07-00294-CR, 2008 WL
3506875, at *1 (Tex. App.—Waco Aug. 13, 2008, no pet.) (quoting Sterling v.
State, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref’d)
(citing Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.]
1980))).  Because Borchick does not challenge the sufficiency of the evidence
with respect to two of the seven violations found by the court, we overrule his
complaint regarding the sufficiency of the evidence.  See Moore, 605
S.W.2d at 926; Anderson, 2008 WL 3506875, at *1.

            Next, Borchick contends
“that the imposition of the maximum sentence, although allowed by law, was too
severe under the circumstances.”  Article 42.12, section 23(a) of the Code of
Criminal Procedure provides in pertinent part, “If community supervision is
revoked after a hearing under Section 21 of this article, the judge may proceed
to dispose of the case as if there had been no community supervision.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 23(a) (Vernon Supp. 2008).  “In other words, the judge may impose the
sentence originally assessed.”  Guzman v. State, 923 S.W.2d 792, 799 (Tex. App.—Corpus Christi 1996, no pet.); accord Anderson, 2008 WL 3506875, at *1
(“That statute invests a trial court with discretion upon revocation to impose
the original sentence”).  A court does not abuse its discretion by imposing the
sentence originally assessed.  Mendoza v. State, No.
04-06-00135-CR, 2006 WL 2546485, at *1 (Tex. App.—San Antonio Sept. 6, 2006, no
pet.) (not designated for publication); May v. State, No.
07-03-00420-CR, 2005 WL 1743359, at *1 (Tex. App.—Amarillo July 25, 2005, no
pet.) (not designated for publication).  Thus, we overrule Borchick’s complaint
that the court abused its discretion by imposing the sentence originally
assessed.

The judgment is affirmed.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed July 29, 2009

Do not publish

[CR25]









[1]
              Specifically,
Borchick pleaded “true” to allegations 7 (leaving the county without
permission), 9 (failure to pay supervision fee), 10 (failure to pay costs and
other fees), and 18 (failure to abide by curfew).  He does not challenge the
court’s findings that he committed the first and last of these violations.