NUMBER 13-10-00640-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

TAMMY LINDSEY,                                                               
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 319th
District Court 

of Nueces County,
Texas.

      
                                                                                                               

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Tammy Lindsey complains of the
revocation of her deferred-adjudication community supervision, upon which she
was sentenced to twenty years' incarceration.  By one issue, Lindsey argues
that the evidence supporting the revocation of her community supervision was
insufficient.  We affirm.

I.  Background[1]

Lindsey was indicted in 2007 for
second-degree felony aggravated assault.  See Tex. Penal Code Ann. § 22.02(a)(2), (b) (West Supp. 2010). 
In March 2008, Lindsey pleaded guilty to the offense, and pursuant to a plea
bargain with the State, the trial court deferred Lindsey's adjudication and
placed her on community supervision for a term of eight years.  In September
2010, the State moved to revoke Lindsey's community supervision and adjudicate
guilt.  In its motion to revoke, the State alleged that Lindsey committed nine
violations of the terms of her community supervision, including committing the
offenses of aggravated assault and resisting arrest, testing positive for
cocaine, consuming alcohol, failing to pay required court costs and other fees,
and violating her court-imposed curfew.  At the revocation hearing, Lindsey
pleaded true to seven of the nine violations.  After hearing the State's
evidence, the trial court found that Lindsey violated the terms of her
community supervision as alleged in the State's motion, revoked Lindsey's
community supervision, adjudicated her guilt, and sentenced her to twenty
years' incarceration.  This appeal followed.

II.  Discussion

By her sole issue on appeal, Lindsey
argues that the evidence supporting the revocation of her community supervision
was insufficient.  Lindsey challenges the trial court's findings only as to the
aggravated assault and resisting arrest grounds for revocation.








We review a trial court's order revoking
community supervision for an abuse of discretion.  Rickels v. State, 202
S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984)).  The State bears the burden of showing
by a preponderance of the evidence that the defendant committed a violation of
his community supervision conditions.  Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993).  If the State does not meet its burden of proof,
the trial court abuses its discretion in revoking the community supervision.  Cardona,
665 S.W.2d 493‑94.

Proof by a preponderance of the evidence
of any one of the alleged violations of the community supervision conditions is
sufficient to support a revocation order.  Antwine v. State, 268 S.W.3d
634, 636 (Tex. App.—Eastland 2008, pet. ref'd) (citations omitted).  In fact, a
plea of true, standing alone, supports the revocation of community supervision.
 See Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding
a plea of true to one allegation is sufficient to support revocation of
probation); see also Grover v. State, No. 13‑09‑00102‑CR,
2009 WL 3247843, at *1 (Tex. App.—Corpus Christi July 2, 2009, pet. ref'd)
(mem. op., not designated for publication).  Thus, to obtain reversal of a
revocation order, the appellant must successfully challenge each ground on
which the trial court relied to support revocation.  Sterling v. State,
791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Grim v. State,
656 S.W.2d 542, 543 (Tex. App.—Corpus Christi 1983, no pet.)).








Here, Lindsey pleaded true to seven of
the nine alleged violations of her community supervision.  On appeal, she
challenges only those two grounds to which she did not plead true—committing
the offenses of aggravated assault and resisting arrest.  Therefore, even if we
assume the evidence was insufficient to support the aggravated assault and
resisting arrest grounds, the trial court's revocation order was supported by
her plea of true to the remaining seven grounds.  We, therefore, cannot
conclude that the trial court abused its discretion in ordering revocation.  See
Cardona, 665 S.W.2d 493‑94; Sterling, 791 S.W.2d at 277. 
Lindsey's issue is overruled.

III.  Conclusion

The judgment of the trial court is
affirmed.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 31st

day of August, 2011.

                                                                                                                                                            









[1] Because this is a memorandum opinion
and the parties are familiar with the facts, we will not recite them here
except as necessary to advise the parties of the Court's decision and the basic
reasons for it.  See Tex. R. App.
P. 47.4.