

# NUMBER 13-10-00640-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TAMMY LINDSEY,**          **Appellant,**

**v.**

**THE STATE OF TEXAS,**          **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Tammy Lindsey complains of the revocation of her deferred-adjudication community supervision, upon which she was sentenced to twenty years' incarceration. By one issue, Lindsey argues that the evidence supporting the revocation of her community supervision was insufficient.   We affirm.

## I. Background[1]

Lindsey was indicted in 2007 for second-degree felony aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West Supp. 2010). In March 2008, Lindsey pleaded guilty to the offense, and pursuant to a plea bargain with the State, the trial court deferred Lindsey's adjudication and placed her on community supervision for a term of eight years. In September 2010, the State moved to revoke Lindsey's community supervision and adjudicate guilt. In its motion to revoke, the State alleged that Lindsey committed nine violations of the terms of her community supervision, including committing the offenses of aggravated assault and resisting arrest, testing positive for cocaine, consuming alcohol, failing to pay required court costs and other fees, and violating her court-imposed curfew. At the revocation hearing, Lindsey pleaded true to seven of the nine violations. After hearing the State's evidence, the trial court found that Lindsey violated the terms of her community supervision as alleged in the State's motion, revoked Lindsey's community supervision, adjudicated her guilt, and sentenced her to twenty years' incarceration. This appeal followed.

## II. Discussion

By her sole issue on appeal, Lindsey argues that the evidence supporting the revocation of her community supervision was insufficient. Lindsey challenges the trial court's findings only as to the aggravated assault and resisting arrest grounds for revocation.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of his community supervision conditions. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d 493-94.

Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to support a revocation order. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd) (citations omitted). In fact, a plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation); *see also Grover v. State*, No. 13-09-00102-CR, 2009 WL 3247843, at *1 (Tex. App.—Corpus Christi July 2, 2009, pet. ref'd) (mem. op., not designated for publication). Thus, to obtain reversal of a revocation order, the appellant must successfully challenge each ground on which the trial court relied to support revocation. *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Grim v. State*, 656 S.W.2d 542, 543 (Tex. App.—Corpus Christi 1983, no pet.)).

Here, Lindsey pleaded true to seven of the nine alleged violations of her community supervision. On appeal, she challenges only those two grounds to which she

3

did not plead true—committing the offenses of aggravated assault and resisting arrest. Therefore, even if we assume the evidence was insufficient to support the aggravated assault and resisting arrest grounds, the trial court's revocation order was supported by her plea of true to the remaining seven grounds. We, therefore, cannot conclude that the trial court abused its discretion in ordering revocation. *See Cardona*, 665 S.W.2d 493-94; *Sterling*, 791 S.W.2d at 277. Lindsey's issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 31st
day of August, 2011.

4