**Opinion issued December 28, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

―――――――――――――

**NO. 01-11-00903-CR**

―――――――――――――

**KERRY WAGNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 121724501010**

## MEMORANDUM OPINION

Indicted for the third-degree felony offense of violation of a protective order,

Kerry Wagner pleaded guilty pursuant to a plea bargain and the trial court assessed

his punishment at five years' confinement, suspended for five years, and a $500

fine.  The State filed a motion to revoke Wagner's community supervision almost one year later.   Wagner pleaded not true to the allegations in the motion to revoke and after a hearing on the motion, the trial court found one of the allegations to be true, revoked Wagner's community supervision, and sentenced him to three years' confinement.  In a single issue on appeal, Wagner contends that there was legally insufficient evidence.  We affirm.

## Background

The State's motion to revoke alleged that Wagner had (1) failed to report to his probation officer as instructed, (2) failed to obtain suitable employment for three months, (3) failed to provide written verification of employment for one month, (4) failed to perform community service and participate in a domestic-violence specialized caseload program, (5) failed to pay certain fees and fines, and (6) made contact with the complainant.  Wagner pleaded "not true" to all of the allegations in the motion to revoke.

Two witnesses for the State testified at the revocation hearing—Wagner's probation officer, Crishell Newton, and the complainant.  Newton testified that Wagner was required to, among other things, meet with her, perform community service, participate in a domestic-violence program, and maintain suitable employment. His probation prohibited his contact with the complainant, the mother of two of his children.  Newton testified that among the grounds for which she

moved to revoke Wagner's probation were (1) his failure to meet with her twice—once in person in November 2010 and once over the telephone, (2) his failure to perform community service as instructed, and (3) his violation of the no-contact order.

The defense offered testimony from three of Wagner's family and friends, and Wagner himself. Wagner denied calling, texting, or having any other contact with the complainant since his probation commenced. Acknowledging the other allegations in the motion to revoke, Wagner testified that he did not own a car for a period of time and he had told Newton that he was unable to meet with her in person on one occasion because of these transportation issues. Wagner's sister, too, noted that Wagner was without a car until recently and she or another family member tried to accommodate him by providing him rides.

The trial court revoked Wagner's community supervision, and sentenced him to three years' confinement.

**Discussion**

Wagner argues that the trial court abused its discretion in revoking his community supervision because the State presented insufficient evidence to support the trial court's findings that Wagner violated the terms of his community supervision. Specifically, Wagner argues that his alleged contact with Collins was the "only real basis" for revoking his community supervision, and the evidence in

3

the record establishing that alleged contact was disputed, and uncorroborated by documentary evidence.

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). When a trial court finds several violations of community-supervision conditions, we will affirm if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Canseco*, 199 S.W.3d at 439. Thus, to prevail on appeal, a defendant must successfully challenge all of the findings that support the trial court's revocation order. *See Moore*, 605 S.W.2d at 926; *see also Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore*, 605 S.W.2d at 926).

Here, beyond Wagner's alleged contact with the complainant, is Newton's testimony that Wagner failed to meet with her in person in November 2010. Finding this allegation to be true, the trial court's judgment expressly stated this basis for the revocation. Because Wagner does not challenge the sufficiency of the evidence supporting this ground for the revocation of his community supervision, we overrule his sole issue. *See Moore*, 605 S.W.2d at 926; *Sterling*, 791 S.W.2d at 277.

## Judgment Modification

Although the judgment revoking Wagner's community supervision states that Wagner pleaded "true" to the allegations in the motion to revoke, the reporter's record shows that Wagner actually entered a plea of "not true." "[A]ppellate court[s] ha[ve] the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Accordingly, we modify the judgment to reflect that Wagner pleaded "not true" to the allegations in the motion to revoke.

## Conclusion

We modify the judgment to reflect Wagner's plea to the State's allegations in the motion to revoke, and, having overruled Wagner's sole issue, affirm the judgment as modified.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

5