**Opinion issued October 22, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01102-CR

———————————

**STACY DONNELL MERRITT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1108142**

---

## MEMORANDUM OPINION

Appellant, Stacy Donnell Merritt, pleaded guilty to possession with intent to deliver a controlled substance, and the trial court deferred an adjudication of guilt and ordered appellant placed under community supervision for 10 years, plus a

$500 fine and $253 in court costs. Four years later, the State filed a motion to adjudicate appellant's guilt, proceeding on six alleged violations of the conditions of appellant's community supervision. Appellant pleaded "not true" to the alleged violations. After an evidentiary hearing, the trial court found five of the six violations to be true and assessed punishment at 25 years' confinement. We affirm.

## BACKGROUND

The State's motion to revoke alleged that appellant violated twelve conditions of probation. However, at the adjudication hearing, the State proceeded on the following six violations: that appellant (1) committed an offense against the State of Texas, to-wit; the sexual assault of a child under the age of fourteen, (2) failed to work faithfully at suitable employment and present written written verification of employment, (3) failed to participate in the community service program and perform 250 hours at the rate of eight hours per month, (4) failed to pay supervision fees at the rate of $60 per month for the duration of community supervision, (5) failed to pay a fine of $500 and court costs at the rate of $25 per month, and (6) failed to pay laboratory fees of $5 per month for the duration of community supervision. Appellant pleaded "not true" to all of the allegations in the motion to revoke.

Appellant's probation officer, D. Davis, testified that appellant failed to perform the requisite community service hours and failed pay the supervision fees, laboratory fees, and court fines and costs.

Much of the testimony at the adjudication hearing involved the "new law" violation of appellant's probation. B.G., appellant's cousin, testified that appellant performed oral sex on her when she was in the fifth grade and below the age of fourteen years old. Then, Officer M. Carmichael—an investigator in the juvenile sex crimes division of the Houston Police Department who had discovered the sexual abuse when interviewing B.G. at school—testified as to her discussions with B.G. and B.G.'s mother and grandmother. Specifically, Carmichael testified about what B.G. had told her about the details of the alleged offense. Carmichael also testified that B.G. was "frustrated" with her mother and grandmother and other "people in her family who she had expressed or told that this had happened to [her]."

Appellant, testifying in his own behalf, stated that he was unable to keep up with his community service because he did not have adequate transportation. He said that he got a ride from his mother when possible, but that the funds to his bus pass had been suspended. He further testified that he was unable to pay his fines and fees because it was difficult to maintain employment. He speculated that B.G.

had accused him of sexual assault because she was upset when he told her to go in the house because it was late.

After hearing all of the evidence, the court found all of the State's allegations to be true, except for appellant's failure to find gainful employment. The court then assessed punishment at 25 years' confinement

## REVOCATION OF COMMUNITY SUPERVISION

In his sole issue on appeal, appellant contends the trial court erred in revoking his community supervision based on the "new law" violation. Specifically, appellant argues that "the trial court abused its discretion by overruling appellant's hearsay objection to testimony given by Officer Carmichael regarding statements by the complaining witness."

### *Standard of Review*

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). When a trial court finds several violations of community-supervision conditions, we will affirm if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Canseco*, 199 S.W.3d at 439. Thus, to prevail on appeal, a defendant must successfully challenge all of the findings

4

that support the trial court's revocation order. *See Moore*, 605 S.W.2d at 926; *see also Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore*, 605 S .W.2d at 926).

*Analysis*

Here, in addition to appellant's alleged sexual assault of B.G. and his complaint that hearsay was admitted in support of this ground for revocation, the record also shows that appellant failed to complete his community supervision hours or pay his fees and fines. At the adjudication hearing, the trial court orally pronounced that he found all of the grounds for revocation to be true "with the exception of the gainful employment." Because appellant does not challenge the sufficiency of the evidence supporting these other grounds for the revocation of his community supervision, we overrule his sole issue. *See Moore*, 605 S.W.2d at 926; *Sterling*, 791 S.W.2d at 277.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).

5