

# NUMBER 13-19-00314-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ISMAEL MIRANDA JR.,**                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

### On appeal from the 138th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Hinojosa, Perkes, and Tijerina
### Memorandum Opinion by Justice Perkes

Appellant Ismael Miranda Jr. appeals the revocation of his community supervision. By one issue, Miranda argues the trial court "violated [his] right to confront witnesses under both the United States Constitution and the Texas Constitution when evidence

regarding his drug test results were introduced under the business record exception without the presence of the probation officer who administered the drug tests." We affirm.

## I. BACKGROUND

On November 7, 2012, Miranda was indicted for indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). On March 11, 2015, pursuant to a plea bargain agreement, Miranda pleaded guilty to the lesser included offense of attempted indecency with a child by contact, a third-degree felony. *See id.* §§ 15.01, 21.11(a)(1). The trial court placed Miranda on deferred adjudication for a period of six years. Miranda's community supervision terms required that he, in part, submit to drug and alcohol abuse counseling and random urinalysis testing and abide by all regulations of the sex offender treatment program.

On December 11, 2018, the trial court issued an order modifying Miranda's community supervision and assessing progressive sanctions; Miranda was ordered to serve fourteen days consecutively in the county jail for being unsuccessfully discharged from his sex offender treatment program.

On March 15, 2019, the State filed a motion for adjudication of guilt alleging that, in addition to being in arrears in excess of $4,000 in probation fees, sex offender supervision fees, and court costs, Miranda (1) was unsuccessfully discharged from alcohol and drug abuse counseling; (2) tested positive for and admitted to using cocaine; and (3) was unsuccessfully discharged from his sex offender treatment program a second time.

During the revocation hearing on May 7, 2019, the trial court admitted several documents entitled "Statement of Drug Usage," wherein Miranda signed a form

2

"voluntarily admit[ing] that on or about [a specific date], [he] used a controlled substance or its residue of it, to wit, cocaine," and he was "fully aware this statement may be used against [him] in a future hearing in a court of law." Miranda objected to the admission of these documents, arguing the exhibits contained "hearsay within hearsay" and violated his "Sixth Amendment right of cross examination of a witness." The State also presented the trial court with Miranda's discharge summary paperwork from the alcohol and drug abuse and sex offender treatment programs.

The trial court found all of the allegations contained in the State's motion true, revoked Miranda's community supervision, proceeded to adjudication, and sentenced Miranda to five years' imprisonment.

This appeal followed.

## II.   REVOCATION OF COMMUNITY SUPERVISION

On appeal, Miranda exclusively challenges the trial court's admission of Exhibits No. 2–5 relating to his drug use, admitted as evidence of the State's second alleged violation. Miranda makes no argument with respect to the trial court's findings of true the remaining two violations which do not rely on those exhibits.

"To convict a defendant of a crime, the State must prove guilt beyond a reasonable doubt, but to revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation only by a preponderance of the evidence." *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). "The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated." *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—

Corpus Christi–Edinburg 2018, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)). Where the State presents multiple grounds for revocation, "a trial court is authorized to revoke community supervision and proceed to adjudication so long as the State has established at least one of the violations it has alleged." *See Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013); *see also Perez v. State*, No. 13-14-00300-CR, 2015 WL 4234236, at *4 (Tex. App.—Corpus Christi–Edinburg July 9, 2015, no pet.) (mem. op., not designated for publication). The trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we review a trial court's order revoking community supervision for an abuse of discretion. *See Carreon v. State*, 548 S.W.3d 71, 77 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (citing *Hacker*, 389 S.W.3d at 865–66).

As previously observed, Miranda does not challenge the evidence of the remaining grounds for revocation, and we limit our analysis to whether the alternative grounds for revocation exist independently from the violation containing an alleged constitutional taint. *See Dansby*, 398 S.W.3d at 241.

In its motion for adjudication, the State first alleged Miranda violated the condition of his community supervision requiring that he complete drug and alcohol abuse counseling. Miranda's discharge summary paperwork from the behavioral health center where he briefly attended drug and alcohol counseling were admitted into evidence (Exhibit No. 1). The documents indicated that although Miranda was referred to the program on November 20, 2017, he was discharged on February 6, 2018, for non-compliance. Notations in his file indicate Miranda "[a]ttended one group [session] and did

4

not return," and though the center made "repeated attempts to have him re-engage," no calls were returned.

The State next argued Miranda was required to and failed to complete the sex offender treatment program. As evidenced by State's Exhibits 6 and 7, Miranda was unsuccessfully discharged from the program twice: on November 8, 2018, and February 21, 2019. Miranda was initially discharged for failing to abide by the program's strict attendance policy, presenting "minimal" "level[s] of involvement and motivation," "testing positive for cocaine on random drug tests," and failing to submit to and pass his "therapeutic polygraph" examination. After his first discharge, Miranda was sanctioned to fourteen days in jail "in lieu of revocation and in conjunction with the progressive sanctions." Miranda returned to the program and was subsequently discharged once more, but this time, for displaying a "defiant," "purely negative and uncooperative attitude." It was asserted that he "clearly had no intentions of participating in [therapy] appropriately." The State's Exhibit 7 provided

> Mr. Miranda denied sexual offenses he admitted in the past, stated he tells us what his lawyer instructs him to say, and denied that he has been truthful in the past. Mr. Miranda has displayed years of deception and manipulation, has lacked the desire to change, has failed to accept responsibility for his serious actions, and failed to adhere to the Treatment Contract conditions.

Here, the State proved by a preponderance of the evidence alternative grounds for revocation existed independently from the violation containing an alleged constitutional taint. *See id.*; *Martinez*, 563 S.W.3d at 510. Thus, we need not decide whether error occurred with respect to the challenged violation. *See Garcia v. State,* 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Sterling v. State,* 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd) (requiring that to obtain reversal of a

5

revocation order, appellant must successfully challenge each and every ground on which the trial court relied to support revocation); *Perez*, 2015 WL 4234236, at *4 (same). We overrule Miranda's sole issue on appeal.

### III.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
20th day of August, 2020.