

# NUMBER 13-21-00035-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JUSTIN TYLER CAESAR,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

---

**On appeal from the 2nd 25th District Court
of Gonzales County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva
Memorandum Opinion by Justice Silva**

Appellant Justin Tyler Caesar appeals the revocation of his community supervision. By one issue, Caesar argues the trial court violated his right to confrontation by admitting an objected-to laboratory report. We affirm.

## I.    BACKGROUND

On June 6, 2018, Caesar was indicted on possession of a controlled substance in penalty group one (methamphetamine), less than one gram, a state-jail felony. *See* TEX.

HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(b). Caesar entered into a plea agreement and was placed on deferred adjudication community supervision for period of five years on June 28, 2019. Less than one year later, the State filed a motion to revoke and to adjudicate Caesar's guilt. The State amended its motion on April 22, 2020, and again on December 3, 2020.

The December amended motion alleged the following violations of Caesar's conditions of community supervision: (1) Caesar committed the offense of theft of property on or about November 8, 2019; (2) Caesar committed the offense of resisting arrest on or about March 28, 2020; (3) Caesar committed the offense of possession of a controlled substance in penalty group one (methamphetamine), less than one gram, on or about July 10, 2020; (4) Caesar admitted to using tetrahydrocannabinol (THC) on August 20, 2019; (5)–(7) Caesar tested positive for methamphetamine and THC on November 23, 2020, and positive for methamphetamine on December 11, 2019; (8)–(9) Caesar failed to notify his community supervision officer following his March 28, 2020 and July 10, 2020 arrests; (10) Caesar did not complete his community service hours; and (11) Caesar "failed to participate [in] and successfully complete the 'Commitment to Change'" program.

The trial court held a hearing on the State's motion for revocation on January 20, 2021. The State waived the first allegation and proceeded with allegation two through eleven. Caesar pleaded not true to each allegation. The State called several witnesses, including the arresting officers in the March and July 2020 incidents and Caesar's community supervision officer, Joe Carrizales.

2

It was through Carrizales's testimony that the State sought to admit an exhibit of a single laboratory report indicating Caesar had tested positive for methamphetamine on December 11, 2019. Caesar objected to the admission of the exhibit, arguing hearsay and lack of authentication. On appeal, Caesar asserts his trial counsel indirectly raised a confrontation clause challenge when he argued: "[W]e're going to circumvent the hearsay rule by not having a lab technician or anybody here from the lab to testify about those being the results." The exhibit was admitted—along with statements signed by Caesar confessing to marijuana and methamphetamine use on or about August 12, 2019, and November 18, 2020.

Caesar also testified, acquiescing that he had failed to complete the "Commitment to Change" program and that he had not completed the community supervision hours he had been ordered to perform. Caesar denied the allegations supporting his resisting and possession of a controlled substance arrests and maintained he properly notified his community supervision officer following each arrest.

The trial court found allegations two and four through eleven true, revoked Caesar's community supervision, proceeded to adjudication, and sentenced Caesar to twenty-four months' imprisonment.

This appeal followed.

## II. REVOCATION

On appeal, Caesar exclusively challenges the trial court's admission of the exhibit in support of the State's fifth allegation. Caesar makes no argument with respect to the trial court's remaining findings of true which do not rely on the challenged exhibit.

3

"[T]o revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation only by a preponderance of the evidence." *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). "The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated." *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). Where the State presents multiple grounds for revocation, "a trial court is authorized to revoke community supervision and proceed to adjudication so long as the State has established at least one of the violations it has alleged." *Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013).

The trial court is the sole judge of the credibility of the witnesses presented and the weight to be given to their testimony during revocation proceedings, and we review a trial court's order revoking community supervision for an abuse of discretion. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012); *Carreon v. State*, 548 S.W.3d 71, 77 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (citing *Hacker*, 389 S.W.3d at 865–66).

Here, the State alleged several violations found true to which the alleged evidentiary error has no relation. Among others, the State alleged that Caesar failed to complete his community service hours and "failed to participate and successfully complete the 'Commitment to Change'" program. Although Caesar pleaded "not true" to the violations (ten and eleven, respectively), Caesar testified that he did not complete

4

either requirement. Because "proof of a single violation will support revocation," *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012), and Caesar does not challenge the proof in support of violations ten and eleven on appeal, we conclude, without reaching the merits of Caesar's argument, that the trial court did not abuse its discretion in revoking Caesar's community supervision. *See* TEX. R. APP. P. 47.1; *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi–Edinburg 1990, pet. ref'd) (declining to address revocation violations challenged on appeal where appellant failed to contest "each ground on which the trial court relie[d]" and evidence was sufficient to support the unchallenged violations); *see also Miranda v. State*, No. 13-19-00314-CR, 2020 WL 5050637, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2020, no pet.) (mem. op., not designated for publication) (same).

We overrule Caesar's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
21st day of December, 2021.