**Robert Eugene SMOOT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44332.**

Court of Criminal Appeals of Texas.

Nov. 30, 1971.

Rehearing Denied Feb. 2, 1972.

Joe Kegans, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough and Andy Tobias, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On October 16, 1968, appellant waived a trial by jury and entered a plea of guilty to the offense of burglary. Punishment

was assessed at confinement in the Department of Corrections for 5 years. Imposition of sentence was suspended and appellant was placed on probation. One of the terms and conditions of his probation was that he commit no offense against the laws of this or any other state, or of the United States.

On June 18, 1970, a motion to revoke probation was filed alleging that appellant violated the aforementioned term. A hearing was conducted on November 13, 1970, and the court found that appellant had violated such term of probation, reformed the judgment from five years to three years,[1] and sentenced him.

The contention is that there was an abuse of discretion by the trial court in revoking the probation. He argues that there was an illegal arrest and an illegal search and seizure.

Houston Police Officer B. E. Frank testified that at approximately 9:40 P.M. on May 1, 1970, while on duty as a traffic patrolman, he saw the appellant near the intersection of Calhoun and Dowling Streets in Houston. The speed limit at that location was 30 miles per hour and, in his opinion, the appellant was exceeding the speed limit upon his approach to the intersection. Appellant suddenly applied his brakes "spinning his—sliding his tires on the pavement." Upon being directed to pull over, appellant stopped his car and "made a motion to the floor." He hurriedly approached the police car and "seemed excited, nervous." After getting the appellant's driver's license, the officer went to the driver's side of the car and saw on the floor board "an old rusty hunting knife and a Marlboro box of cigarettes." He retrieved these articles and found 9 hand-rolled marihuana cigarettes in the Marlboro box.

Appellant and his girl friend, who was a passenger in the car, testified and admitted that the marihuana was found in the automobile but denied knowledge of the same. Appellant acknowledged that the hunting knife was his.

We conclude that the arrest and search and seizure were legal. No abuse of discretion by the trial court has been shown.

The judgment is affirmed.

---

1. The court was authorized to reform the judgment since appellant had completed one-third of the probationary period of five years. See Art. 42.12, Sec. 7, Vernon's Ann.C.C.P.; Casarez v. State, Tex. Cr.App., 468 S.W.2d 412, note 1.