Michael **WALTHALL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46257.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

Carol S. Vance, Dist. Atty. and James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. The jury assessed the punishment at three years.

The record reflects that officers pursued the Volkswagen that the appellant was driving on Westheimer Street in Houston at approximately forty-five miles an hour in a thirty mile an hour zone. When the officers stopped the appellant one of them saw a sawed-off shotgun between the bucket seats of the car. During the search of the appellant the officers found a prescription bottle or vial which contained a small amount of marihuana. One of the officers found a paper bag under the seat of the car. It contained approximately a pound of marihuana. A woman passenger in the car was not charged with an offense.

The appellant had counsel during the trial, but no brief was filed on appeal. Apparently counsel was retained. There is no indication of indigency in the record. The appellant is on bail.

In the interest of justice under Article 40.09, Section 13, Vernon's Ann.C.C.P., we will discuss the legality of the search which was apparently the only contested issue during the trial.

Before the officers stopped the appellant, he was speeding. In Smoot v. State, Tex.Cr.App., 475 S.W.2d 281, the defendant was exceeding a thirty mile limit and slid his tires in approaching an intersection. Upon the approach of an officer, he appeared excited. The officer saw a rusty hunting knife and a box of cigarettes. The officer seized both and found nine marihuana cigarettes. This Court held the arrest and search legal.

Byrd v. State, Tex.Cr.App., 447 S.W.2d 936, held where the original arrest was legal an officer is authorized to make an additional arrest for any other offense discovered during the course of the investigation and the evidence obtained is admissible. See Grego v. State, Tex.Cr.App., 456 S.W.2d 123.

In Breckenridge v. State, Tex.Cr.App., 460 S.W.2d 907, the arrest was for speeding. As the officer approached he saw a

shotgun under the front seat. This Court held a complete search of the car was authorized.

In the present case the shotgun was sawed-off, but not enough to make its possession illegal. However, the officers had a right to look for other weapons for their own protection. The marihuana found on appellant's person and under the seat was admissible.

No error is shown. The judgment is affirmed.