Willie Charles JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 47563.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Tom A. Boardman, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, thirty (30) years.

Appellant raises four grounds of error.

In his first ground of error, appellant complains that his constitutional right of confrontation was violated when the court limited his cross-examination of a witness.

■ The record reflects that appellant asked officer Ramos, who testified to the victim's identification of the appellant, how many arrests he had made since the date in question. The state's objection, grounded on relevancy, was sustained. The appellant contends that he was testing the officer's memory, and the possibility existed that he had confused the facts. The record is silent as to what the officer would have testified, and nothing is before us for review. Article 40.09, Section 6(d)(1); Elliott v. State, 475 S.W.2d 239.

Appellant's first ground of error is overruled.

In his second and third grounds of error, appellant complains of jury arguments of the prosecutor.

■ In the first instance, the prosecutor argued that, if a search could be made of appellant's aunt's house, the weapon used and the property taken could be found. In the second instance, the prosecutor argued that the alibi defense is always used by defendants as a "concocted" story in an attempt to fool the jury. Appellant failed to object to either of the arguments, and nothing is presented for review. Cf. Stearn v. State, Tex.Cr.App., 487 S.W.2d 734, and cases therein cited.

Grounds of error numbered two and three are overruled.

■ In his final ground of error, appellant contends the trial court erred in limiting counsel's argument. Specifically, he points to the following:

"[Defense Counsel]: And believe me, a police officer has no more credibility for telling the truth than anybody else. You see, in your papers where police officers have been convicted.

"Mr. Jackson [the prosecutor]: Well, Your Honor, I am going to object to that as totally outside the record.

"The Court: Sustain the objection.

"Mr. Jackson: And Mr. Hayes' editorial comments on the credibility of the witnesses. I object to that too. That's invading the province of the jury.

"The Court: Sustain the objection to the *last* [emphasis added] argument."

Defense counsel was clearly arguing matters outside the record when he injected his comments referring to convictions of police officers. We perceive no error.

Finding no reversible error, the judgment is affirmed.