Dennis Reid SHELDON, Appellant,

v.

The STATE of Texas, Appellee.

No. 48166.

Court of Criminal Appeals of Texas.

June 26, 1974.

Warren Burnett, Odessa, for appellant.

John Green, Dist. Atty. and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. After the jury returned a verdict of guilty, punishment was assessed by the court at ten years.

At the outset appellant contends that the court erred in denying appellant's motion to suppress.

The only witness to testify at the hearing on appellant's motion to suppress was Highway Patrolman Wasson. He and fellow officer Redmon were on routine patrol on Interstate 20 south of Odessa on March 31, 1971, when they observed a Volkswagen van coming up behind them, "weaving from one lane to the other crossing the center stripe." The van passed the patrol car and was stopped by the officers after it passed another vehicle and "pulled back too soon without giving a signal, he failed to give a signal that he was changing lanes." When the van was pulled over to the shoulder "both subjects leaned over into the vehicle down to the floorboard." The driver of the van, Timmens, walked back to the patrol car. Wasson stated that the officers thought the occupants of the van might be intoxicated and, while they could not smell alcoholic beverage when Timmens talked to them, "he appeared to be high on something, we didn't know what at the time." Timmens exhibited a New Jersey driver's license and at the request of the officers secured a New Jersey vehicle registration from the van that was in another person's name. Timmens told the officers that the van "belonged to someone that was hitchhiking in Old Mexico." Wasson then left Timmens and Redmon standing in front of the patrol car and walked to the right front door of the van and started talking to appellant, who was still seated in the van, about ownership of the vehicle.

Pursuant to Wasson's request, appellant opened the door and remained seated in the van. Wasson observed a hatchet behind the front seat. Wasson then asked appellant to accompany him back to the patrol car where Wasson asked appellant to get in the patrol car and Wasson returned to the van with Timmens. Timmens and Wasson stood on the right-hand side of the van where Wasson questioned Timmens about the hatchet. Timmens stated that the hatchet was used for camping. While they were "by the right door" of the van Wasson saw the "butt end of a long hunting knife over by the driver's seat." Wasson stated Timmens was standing "right beside of me." Wasson reached in to get the knife and saw "marijuana seeds lying on the floorboard." A search of the van ensued and a large quantity of marihuana was recovered from trunks and suitcases in the vehicle.

The officers were authorized to stop the van in which appellant was a passenger and arrest the driver of the van as a traffic violator without a warrant. Article 6701d, Sections 68, 153, Vernon's Ann. Civ.St.

In Walthall v. State, Tex.Cr.App., 488 S.W.2d 453, where officer observed a shotgun between seats of a car stopped for speeding, this Court held that even though the shotgun was not short enough to make possession illegal, the officers had a right to look for other weapons for their protection, and marihuana found on driver's person and under seat of car was admissible.

In Smoot v. State, Tex.Cr.App., 475 S.W.2d 281, the facts were similar to those in the instant case. The defendant in *Smoot* was stopped for speeding. Defendant got out of his car and approached the police car. The officer went to the defendant's vehicle and observed a hunting knife and box of cigarettes on the floorboard. The knife and cigarette box were retrieved by the officer and the box was

found to contain nine marihuana cigarettes. The arrest and seizure were held to be legal.

In Imhoff v. State, Tex.Cr.App., 494 S.W.2d 919, when arresting officer observed defendant make movements toward the floor under the front seat of the automobile before the vehicle was stopped and defendant was standing sufficiently close to vehicle after he was stopped that he could have conceivably lunged for weapon or tried to destroy evidence, this Court held that the officer had justification for limited search under front seat which turned up stolen money.

■ As in Lewis v. State, Tex.Cr.App., 502 S.W.2d 699, there is more in the instant case than an arrest for a traffic offense to justify the search of the vehicle. With Timmens standing beside Wasson at the right front door of the van, coupled with the suspicious circumstances already known to Wasson, we conclude that the officer had a right to retrieve the knife and hatchet and search for other weapons or like material which would constitute a danger to the officers' lives or which might be used to facilitate escape. Lewis v. State, supra; Wallace v. State, Tex.Cr.App., 467 S.W.2d 608. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When Wasson reached in the van to get the knife and saw marihuana seeds on the floor, probable cause was established for additional search of the vehicle for contraband drugs. See Taylor v. State, Tex.Cr. App., 421 S.W.2d 403, cert. denied, 393 U. S. 916, 89 S.Ct. 241, 21 L.Ed.2d 201; Medina v. State, Tex.Cr.App., 493 S.W.2d 151; Aldridge v. State, Tex.Cr.App., 482 S.W.2d 171.

No error is shown in the court overruling appellant's motion to suppress contraband found in the van.

Appellant contends that the court erred in admitting into evidence a statement made by appellant.

Luggage was removed from the van and Timmens was asked to return to the patrol car and obtain keys from appellant to open same. As the luggage was opened, revealing marihuana, appellant, still seated in the patrol car, said, "That is my marihuana, he is just transporting it."

Appellant argues that the statement was not admissible because it was (a) the fruit of an unlawful search, (b) obtained during custodial interrogation prior to the giving of a *Miranda* warning, and (c) never ruled "voluntary" by the trial court as required by Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964).

■ The statement made by appellant was spontaneous and not in response to questions by the arresting officers. Article 38.22, Vernon's Ann.C.C.P., permits the use of oral statements made without warnings when they are "res gestae of the arrest or of the offense." In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it was stated, "Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." We reject appellant's contention that the statement was obtained in violation of *Miranda* and Article 38.22, V.A.C.C.P., and find that such statement was spontaneous and instinctive, and admissible as a res gestae declaration. Dominguez v. State, Tex.Cr. App., 506 S.W.2d 880; Hood v. State, Tex.Cr.App., 490 S.W.2d 549; DeLeon v. State, Tex.Cr.App., 500 S.W.2d 862. Cf. McBride and Byars v. State, Tex.Cr.App., 506 S.W.2d 887; Noble v. State, Tex.Cr. App., 478 S.W.2d 83; Brown v. Beto, 468 F.2d 1284 (5th Cir. 1972). We need not consider appellant's argument that such statement was the fruit of an unlawful search in view of our disposition of his first contention.

Having found that appellant's statement was admissible as a res gestae declaration, Jackson v. Denno findings were not required. See Jones v. State, Tex.Cr.App., 458 S.W.2d 654.

Appellant contends that the court erred in overruling appellant's motion to discover the police report that contained material important to the appellant's defense.

Appellant points to the fact that the police report contained the oral statement that was used against the appellant as an admission.

■ Appellant's reliance on Article 39.-14, V.A.C.C.P., is misplaced in that police reports have been held to be excepted from discovery under such statute. Bradshaw v. State, Tex.Cr.App., 482 S.W.2d 233; Feehery v. State, Tex.Cr.App., 480 S.W.2d 649; Hart v. State, Tex.Cr.App., 447 S.W.2d 944. It should be noted that Article 39.14, supra, provides for discovery of "written statement of the defendant."

Before Officer Redmon testified before the jury relative to appellant's utterance regarding ownership of the marihuana, a hearing was held outside the presence of the jury at which it was developed that Officers Redmon and Wasson prepared the offense report in question and the report was made available to appellant for cross-examination and impeachment purposes. We find compliance with the holding in Zanders v. State, Tex.Cr.App., 480 S.W.2d 708, where it was stated:

"Where a witness for the State has made a report or has given a statement prior to testifying, the defendant, after a timely and specific motion, is entitled to inspect and use such prior and available report or statement for cross examination and impeachment purposes, and this right obtains even though the witness has not used the instrument to refresh his memory."

We cannot agree with appellant's argument that error has been shown under the holding of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To come within the rule announced by the United States Supreme Court therein, it must be shown that there was a suppression of evidence by the prosecutor favorable to an accused who had requested it.

Appellant contends that the court erred in failing to grant a new trial in view of the prosecutor's argument that the appellant did not take the stand in his own behalf.

■ This contention is directed to the prosecutor's argument, "This man [appellant] hasn't even looked you in the eye." The record reflects no objection was made to the complained of argument. Nothing is presented for review. Nichols v. State, Tex.Cr.App., 504 S.W.2d 462; Witt v. State, Tex.Cr.App., 475 S.W.2d 259; Verret v. State, Tex.Cr.App., 470 S.W.2d 883; Lombardo v. State, Tex.Cr.App., 503 S.W.2d 780; Jones v. State, Tex.Cr.App., 501 S.W.2d 670.

Appellant contends the court erred in not granting a mistrial when the prosecutor began to wave a set of keys in front of the jury that was not introduced into evidence.

■ Appellant contends the prosecutor stood up and displayed a set of keys, and waved them in front of the jury and dropped them in State's Exhibit No. 4 (a footlocker) while counsel for appellant was making his argument. This allegation is not supported by the record. When nothing in the record demonstrates facts asserted or otherwise supports a claim on appeal, nothing is presented for review. Gentry v. State, Tex.Cr.App., 494 S.W.2d 169; Stockton v. State, Tex.Cr.App., 487 S.W.2d 69.

There was evidence in the record that a key was obtained from appellant while he was sitting in the patrol car which opened a footlocker or suitcase in which marihuana was found. The State offered in evidence a footlocker as its Exhibit No. 4, which was identified as having been taken from the van and found to contain marihuana. When the proffer was made by the State, inquiry was made by the court as to whether the offer was of the suitcase

or its contents. The prosecutor replied, "The suitcase and the contents, too, Your Honor." The record does not reflect whether keys to the footlocker were included in the exhibit.

Appellant complains of the prosecutor's argument before the jury regarding the key. The record reflects the following:

"This is the key. There is the key. It's in this suitcase and it's evidence. That is the key. The defense lawyer was hollering about it. I tell you right now if you think we are trying to hide anything you let that man go. I think the defense lawyer just ate that key.

MR. FUGIT [appellant's counsel]: "Well, since eating it, I'll tell you what I'll do, I'll move for a mistrial at this time on the basis that the comment there was no key that was introduced and that is a separate item in this whole thing. I ask, it was never brought into this trial and it's done to smear and that is all. I don't know where that key came from and I ask, Judge, that there be a mistrial at this time."

THE COURT: "I will deny your motion for mistrial."

Appellant's contention that the key was not a part of State's Exhibit No. 4 is not supported by proof in the record.

Nothing is before us for review. Gentry v. State, supra; Stockton v. State, supra.

Appellant contends the court erred in not granting a mistrial when a juror was shown to have read an article in the Odessa newspaper concerning the trial.

■ After the jury returned a verdict of guilty the jury was polled at appellant's request relative to any member reading an article in the *Odessa American*. The complained of portion of the article related to the weight and value of the marihuana. While these figures were not before the jury, suitcases and trunks of marihuana seized in the search of the van were introduced into evidence. Only one juror stated

that he had read the article. There was no showing that the article was discussed during the deliberations of the jury. Injury or prejudice has not been shown.

We perceive no error. See Broussard v. State, Tex.Cr.App., 505 S.W.2d 282; Gonzales v. State, Tex.Cr.App., 501 S.W.2d 644; Hice v. State, Tex.Cr.App., 491 S.W.2d 910.

 Appellant contends that the court erred in not granting a mistrial during the hearing on punishment before the court when an assistant district attorney testified as to the reputation of appellant. The record reflects that Assistant District Attorney Bobo testified that he knew appellant's general reputation for being a peaceful and law-abiding citizen in the community in which he lived and that it was bad. Appellant voiced no objection to such testimony. Nothing is presented for review.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.