Peter James **GRIM**, Appellant,

v.

**STATE of Texas, Appellee.**

No. 13–82–164–CR.

Court of Appeals of Texas, Corpus Christi.

June 23, 1983.

Armando Cavada, Kingsville, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a revocation of probation. Appellant was placed on probation in April of 1982 for a period of five years following his plea of guilty to the offense of burglary of a building. The State filed the motion to revoke appellant's probation the following month alleging that he had committed the offenses of evading arrest and assault. After hearing evidence of the State's motion, the trial court revoked probation.

In two grounds of error, appellant contends his arrest was unlawful and challenges the sufficiency of the evidence.

█ In a revocation hearing, the judge is sole finder of fact and the appellate court will view the evidence in the light most favorable to the revocation decision. *Jones v. State,* 589 S.W.2d 419 (Tex.Cr.App.1979). The evidence in this case shows that in the early morning hours of May 5, 1982, Officer Arthur Rogers of the Kingsville Police Department observed a car driving on a sidewalk. Officer Rogers turned on his over-head lights, and the vehicle stopped. Appellant got out of the car and spoke to the officer, who described the appellant's speech as slow and slurred. The officer noticed the smell of alcohol on the appellant's breath. The officer then informed the appellant that he was under arrest for driving while intoxicated. At that point, appellant turned and ran, and Officer Rogers pursued him "around the corner" and toward a wall. Appellant then climbed the wall and repeatedly kicked Officer Rogers in the face and chest. Appellant was then subdued and handcuffed.

█ Appellant contends that the arrest was unlawful. We disagree. While a police officer may not stop a car based on an inarticulate hunch, probable cause for the stop existed when he observed that traffic regulations were being violated. *Parker v. State,* 576 S.W.2d 613 (Tex.Cr.App.1979); *Sheldon v. State,* 510 S.W.2d 936 (Tex.Cr. App.1974). In light of the testimony that the car was stopped for driving on the sidewalk, we find the initial arrest lawful. Appellant's first ground of error is overruled.

█ In his second ground of error, appellant contends that the trial court abused its discretion in revoking probation because the evidence is insufficient. We hold that the facts as set out above are sufficient to show both assault [1] and evading arrest.[2]

█ We pause to note that in order to obtain reversal in a revocation case, the appellant must successfully challenge each ground upon which the trial court relies for revocation, for one sufficient ground for revocation will support the court's revocation order. *Moore v. State,* 605 S.W.2d 924 (Tex.Cr.App.1980). In this case, appellant has not attacked either ground successfully. Appellant's second ground of error is overruled.

---

1. Sec. 22.01(a)(1) Tex.Penal Code Ann. (Vernon 1974) provides: a person commits an offense if he intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse.

2. Sec. 38.04(a) Tex.Penal Code Ann. (Vernon 1974) provides: a person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

The judgment of the trial court is affirmed.