

NUMBER 13-12-00176-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JAMES ROBERT HUGHES,**            **Appellant,**

**v.**

**THE STATE OF TEXAS,**            **Appellee.**

---

## On appeal from the 24th District Court
## of Jackson County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant, James Robert Hughes, appeals the trial court's revocation of his deferred adjudication community supervision and adjudication of guilt on the charge of cruelty to livestock animals. *See* TEX. PENAL CODE ANN. § 42.09 (West 2011). We affirm.

## I. BACKGROUND

On November 8, 2010, appellant pled guilty to the offense of cruelty to livestock animals. The trial court deferred adjudication of guilt and placed appellant on deferred adjudication community supervision for a term of ten years. On September 2, 2011, the State filed an amended motion to adjudicate appellant's guilt, alleging eight violations of the terms of appellant's community supervision.[1] Appellant pled not true to the alleged

---

[1] The State's Amended Petition for Revocation and Final Adjudication alleged in relevant part as follows:

In support of the State's Petition for Revocation and Final Adjudication, the State would show that the Defendant has violated the terms and conditions of said probation in the following respects, to-wit:

. . . Condition Number One (1) . . . "Commit no offense against the laws of this State or any other State or the United States of America." . . .

Condition Number Eleven (11) . . . "Report to the officer as directed by the Judge or Officer by submitting an accurately completed and signed Monthly Report to the Officer and cooperating with the Officer during said report and obeying all rules and regulations of the Community Supervision and Corrections Department." . . .

Condition Number Fourteen (14) . . . "Abide by a 10:00 p.m. curfew every night. The defendant shall be in the defendant's home or place of residence before 10:00 p.m. each night and shall not leave such home or place of residence between 10:00 p.m. and 5:00 a.m. without the written permission of the Officer. The written permission, when issued, is to be kept on the defendant's person when away from home or place of residence." . . .

Condition Number Seventeen (17) . . . "Pay Court Costs in the amount of $348.00 at $55.00 per month, with the first payment being due and payable on or before January 8, 2011, and a like payment being due and payable on or before the same day of each month thereafter until fully paid through the CACD having jurisdiction." . . .

Condition Number Eighteen (18) . . . "Pay a fee of $60.00 per month, each and every month during the term of Community Supervision, with payments beginning November 8, 2010 to the CSCD having jurisdiction." . . .

Condition Number Twenty-Four (24) . . . "Perform satisfactorily 300 Community Service hours on or before July 8, 2012 through the Community Service Restitution Project of the CSCD beginning January 8, 2011 at a minimum of 17 hours per month." . . .

Condition Number Twenty-Five (25) . . . "Serve 30 days in the Jackson County Jail with credit for time served beginning March 11, 2011 by 7:00 p.m." . . .

Condition Number Twenty-Eight (28) . . . "Submit a copy of your income tax return filed with the IRS or Proof of Extension to the CSCD having jurisdiction by April 15th of each year during the term of Community Supervision and bring your IRS Income Tax Refund

2

violations. The trial court held an evidentiary hearing on the State's motion to adjudicate and heard evidence regarding the eight alleged violations of the terms of appellant's community supervision. During the hearing, the State offered into evidence an audio recording from a grand jury proceeding in which appellant testified to spitting at a corrections officer. The trial court admitted the evidence over appellant's objection that the evidence was acquired in violation of his Sixth Amendment right to counsel. The trial court found the violations alleged in the State's motion to adjudicate to be true, revoked appellant's community supervision, adjudicated appellant guilty, and assessed a 20-year prison sentence. This appeal ensued.

## II. ANALYSIS

In one issue, appellant argues that the trial court erred by admitting evidence that was obtained by the State in violation of appellant's Sixth Amendment right to counsel.

### A. Standard of Review

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of her community supervision conditions. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

---

check to the CSCD having jurisdiction immediately upon receipt and endorse the check to the CSCD to be applied to fees payable through the CSCD by the defendant."

**B. Applicable Law**

Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to support a revocation order. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd) (citations omitted). In fact, a plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation). Thus, to obtain reversal of a revocation order, the appellant must successfully challenge each ground on which the trial court relied to support revocation. *Sterling v. State*, 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Grim v. State*, 656 S.W.2d 542, 543 (Tex. App.—Corpus Christi 1983, no pet.)).

**C. Discussion**

In this case, the evidence that appellant complains about was offered in support of only one of the eight violations alleged by the State in its motion to adjudicate guilt. Appellant has not challenged the sufficiency of the evidence to support the trial court's finding with respect to the seven other violations alleged by the State. Thus, even if we were to assume that the trial court erred by admitting the evidence, we would not be able to conclude that the trial court abused its discretion by revoking appellant's community supervision. *See id.* Accordingly, appellant's issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of March, 2013.

5