

# NUMBER 13-14-00300-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE ANGEL PEREZ,

Appellant,

v.

THE STATE OF TEXAS,

Appellee.

### On appeal from the 24th District Court
### of Jackson County, Texas.

# CONCURRING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Concurring Memorandum Opinion by Justice Perkes**

I agree with the majority's affirmance because appellant only challenges on appeal two of the six separate grounds which support the trial court's revocation of his community supervision. However, since the majority contemplates matters that are unnecessary for the determination of the appeal, I concur in the result only.

Texas law is clear that one sufficient ground for revocation will support the trial court's order revoking community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In fact, a plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding plea of true to one allegation is sufficient to support revocation of probation). Therefore, to obtain reversal of a revocation order, the appellant must successfully challenge each and every ground on which the trial court relied to support revocation. *Sterling v. State,* 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Grim v. State,* 656 S.W.2d 542, 543 (Tex. App.—Corpus Christi 1983, no pet.)).

The State alleged that appellant committed six violations of his terms of community supervision: (1) on November 21, 2013, appellant intentionally or knowingly possessed cocaine; (2) on November 21, 2013, appellant tested positive for cocaine; (3) appellant failed to report to the Dallas County Community Supervision and Corrections Department for the month of October 2013; (4) appellant failed to pay community supervision fees and owes a past-due balance of $1,755; (5) appellant failed to make payments on his $3,000 fine balance and owes $1,961 in past-due payments; and (6) appellant failed to perform a minimum number of community service hours.

During the revocation proceeding, appellant pleaded "true" to the State's fourth and fifth grounds. The trial court thereafter found the remaining four grounds to be "true" and revoked appellant's community supervision.

On appeal, appellant only challenges the first and second grounds (cocaine), but

2

wholly fails to challenge the trial court's findings with respect to the third through sixth grounds on which it relied to support revocation. Because a single violation will support the order revoking community supervision, appellant's failure to challenge on appeal any of the findings of the third through sixth allegations, precludes the necessity of determining whether error occurred with respect to the first and second grounds. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

For that reason, I would affirm the order of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of July, 2015.

3