**AFFIRM; and Opinion Filed June 17, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00376-CR

**DAVID PAUL WHITNEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 064600**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Richter[1]
Opinion by Justice Brown

Appellant David Paul Whitney appeals a judgment adjudicating his guilt for aggravated assault with a deadly weapon. In six issues, appellant generally contends the trial court erred in: (1) revoking his community supervision without considering mitigating evidence, (2) finding four of the nine probation violations true, (3) admitting a videotape into evidence without a proper predicate, (4) allowing his probation officer to read from his probation file, and (4) failing to order reasonable bail after he filed his notice of appeal. For the following reasons, we affirm the trial court's judgment.

A grand jury indicted appellant for aggravated assault with a deadly weapon. Appellant pleaded guilty to the allegations in the indictment. The trial court deferred a finding of guilt and

---

[1] The Hon. Martin Richter, Justice, Assigned

placed appellant on community supervision for a period of five years. The trial court also assessed a $1,000 fine.

The State subsequently filed a motion to proceed with an adjudication of guilt. The State's motion alleged appellant committed ten violations of the conditions of his probation by committing three family violence assaults, failing to pay three mandated fees, failing to pay his fine, failing to perform community service, failing to participate in anger management counseling, and failing to submit to a mental health evaluation. Appellant pleaded true to the allegations that he failed to perform community service, to participate in anger management counseling, and to submit to a mental health evaluation. He pleaded not true to the remaining allegations.

At the hearing on the motion to adjudicate, the State presented evidence that appellant committed the three assaults and failed to pay the fees as required by the conditions of his probation. The State did not present any evidence regarding whether or not appellant had paid his fine. Appellant testified at the hearing and admitted committing the three violations to which he pleaded true, but denied committing the family violence assaults. Appellant also admitted he did not pay his fees, but claimed he was not able to do so.

The trial court found all of the allegations in the State's motion to adjudicate true, except the allegation that appellant failed to pay his fine. The trial court revoked appellant's probation, adjudicated him guilty, and assessed punishment at four years' confinement. This appeal followed.

In his first issue, appellant contends the trial court wrongfully revoked his community supervision without considering mitigating evidence. Appellant's complaint is directed to the procedural fairness of the revocation proceeding and whether it afforded him due process of law. *See generally Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015).

It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider mitigating evidence and impose a predetermined punishment. *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd); *see also McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). However, in the absence of a clear showing to the contrary, we presume the trial court acted properly and considered the evidence presented and the full range of punishment. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982); *see also Fielding v. State*, 719 S.W.2d 361, 365–67 (Tex. App.—Dallas 1986, pet. ref'd).

According to appellant, he presented mitigating evidence, but the trial court did not consider that evidence and instead "mechanically" imposed a four-year sentence. Appellant directs us to nothing in the record indicate the trial court refused to consider mitigating evidence or assessed a predetermined sentence. We must presume the trial court acted properly and considered all of the evidence presented and the full range of punishment. *See Brumit*, 206 S.W.3d at 645; *Fielding*, 719 S.W.2d at 365–67. We resolve the first issue against appellant.

Appellant's second through fifth issues are directed to the trial court's decision to revoke his probation. In his second issue, appellant complains of the trial court's findings of true that he violated three conditions of his probation by failing to pay fees. In his fifth issue, appellant asserts the evidence is insufficient to show he committed one of the three family violence assaults because the overwhelming evidence showed he was acting in self-defense. Appellant's third and fourth issues complain of the trial court's admission of evidence. Specifically, he asserts the trial court erred in admitting (1) a videotape police took of him following his arrest for one of the assaults, and (2) his probation officer's testimony that the victim called the

probation department and complained of appellant's abusive behavior. Having reviewed appellant's complaints, we conclude they fail to allege reversible error.

Our review of a trial court's decision to revoke community supervision is limited to whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In order to show an abuse of discretion, an appellant must successfully challenge every ground that supports the trial court's decision. *Alexander v. State*, 05-15-01049-CR, 2016 WL 865354, at *2 (Tex. App.—Dallas Mar. 7, 2016, no pet.); *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). A plea of true to a single probation violation, standing alone, is sufficient to support a trial court decision to revoke probation. *Tapia*, 462 S.W.3d at 31 n.4; *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Similarly, proof of a single probation violation is sufficient to support a trial court's decision to revoke probation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

In this case, the trial court found appellant committed nine violations of the conditions of his probation, three of which were based on appellant's pleas of true, and each of which independently support the trial court's decision to revoke appellant's probation. As a consequence, even if we agreed with all of appellant's complaints, we could not conclude the trial court abused its discretion in revoking his probation. *See Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014); *Garcia*, 387 S.W.3d at 26; *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). We resolve the second through fifth issues against appellant.

In his sixth issue, appellant asserts the trial court erred in failing to order reasonable bail after he filed his notice of appeal. Appellant directs us to nothing in the record to show he either requested or was denied bail. Therefore, this issue presents nothing to review. *See Sheldon v. State*, 510 S.W.2d 936, 939 (Tex. Crim. App. 1974) (when nothing in the record demonstrates facts asserted or otherwise supports a claim on appeal, nothing is presented for review); *see also*

TEX. R. APP. PROC. 38.1(f) (factual assertions in brief must be supported by record references). We also note that, even if the record supported appellant's assertions, complaints regarding a trial court's denial of bail must be brought in a separate appeal and are not part of the appeal of the criminal conviction. *See generally* Tex. R. App. P. 31; *see also In re Nixon*, 05-15-00263-CV, 2015 WL 1346137, at *1 n.1 (Tex. App.—Dallas Mar. 25, 2015, no pet.); *Ortiz v. State*, 299 S.W.3d 930, 933 (Tex. App.—Amarillo 2009, no pet.). We resolve appellant's sixth issue against him.

We affirm appellant's conviction.


/Ada Brown/
ADA BROWN
JUSTICE


Do Not Publish
TEX R. APP. P. 47.2(b)

150376F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID PAUL WHITNEY, Appellant

No. 05-15-00376-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 064600.
Opinion delivered by Justice Brown. Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of June, 2016.