

# NUMBER 13-14-00639-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TODD WENDLAND,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                    **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Todd Wendland appeals the trial court's revocation of his community supervision. By four issues, appellant argues: (1) the trial court erred by denying his motion for new trial; (2) the evidence is insufficient to support the revocation; (3) the trial court erred by admitting hearsay evidence; and (4) the conviction violates his due process rights. We affirm.

# I. BACKGROUND

Appellant previously pleaded guilty to five counts of aggravated sexual assault of a child [counts 1–5], *see* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through 2015 R.S.), two counts of sexual assault of a child [counts 6–7], *see* TEX. PENAL CODE ANN. § 22.011 (West, Westlaw through 2015 R.S.), and three counts of indecency with a child [counts 8–10], *see id.* § 20.11 (West, Westlaw through 2015 R.S.). Pursuant to a plea bargain, appellant pleaded guilty, and the trial court placed appellant on deferred adjudication community supervision for a period of ten years.

Approximately five years after appellant's plea agreement, the State filed a motion to revoke his community supervision. In its motion, the State alleged that appellant committed the offense of indecency with a child [paragraph 1], failed to avoid the use of alcohol [paragraph 2], failed to pay various community supervision fees [paragraphs 10, 10c, 10d, 10m], and engaged in contact with a minor child [paragraph 13–1].

At the onset of the hearing on the State's motion to revoke, appellant pleaded "true" to the allegations that he used alcohol and engaged in contact with a minor child. He pleaded "not true" to the remaining allegations. The State abandoned the allegations that appellant failed to pay various community supervision fees. After hearing the evidence, the trial court found the remaining allegation of indecency with a child to be "true." The trial court sentenced appellant to life imprisonment on counts one through five and twenty years' imprisonment on counts six through ten, with the sentences to run concurrently.

Appellant timely filed a motion for new trial, solely challenging the State's evidence pertaining to the allegation of indecency with a child. Appellant, however, did not challenge his earlier pleadings of "true" with respect to his use of alcohol and contact with a minor child. After the trial court denied appellant's motion for new trial, without a hearing, this appeal ensued.

## II.    DISCUSSION

By four issues, appellant challenges the trial court's denial of his motion for a new trial. Specifically, appellant raises procedural arguments and challenges the evidence and testimony presented at the revocation hearing supporting the allegation that he committed the offense of indecency with a child. Appellant, however, does not challenge the trial court's findings of "true" to the allegations of consuming alcohol or engaging in contact with a minor child.

### A.    Standard of Review and Applicable Law

We review a trial court's order revoking community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (en banc) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Rickels*, 202 S.W.3d at 763 (citing *Cardona*, 665 S.W.2d at 493); *see Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Jones*, 112 S.W.3d at 268. Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to

3

support a revocation order. *Garcia v. State,* 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). A plea of true, standing alone, is sufficient to support the revocation of community supervision. *See Cole v. State,* 578 S.W .2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation). Thus, to obtain reversal of a revocation order, the appellant must successfully challenge each ground on which the trial court relied to support revocation. *Sterling v. State,* 791 S.W.2d 274, 277 (Tex. App.—Corpus Christi 1990, pet. ref'd) (citing *Moore v. State,* 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Grim v. State,* 656 S.W.2d 542, 543 (Tex. App.—Corpus Christi 1983, no pet.)).

## B.  Analysis

Appellant does not dispute the trial court's findings that he used alcohol and that he engaged in contact with a minor child, both in violation of his conditions of community supervision. These violations are sufficient to sustain his revocation. *See Garcia*, 387 S.W.3d at 26.

We conclude that the record supports the trial court's findings that appellant violated two of the conditions of his community supervision—by appellant's plea of "true"—and that the trial court did not abuse its discretion by granting the State's motion to revoke appellant's probation. Appellant's first issue is overruled. *See Rickels*, 202 S.W.3d at 764; *see also Garcia*, 387 S.W.3d at 26; *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (one sufficient ground will support revocation order). As such, we do not need to address appellant's remaining issues. *See* Tex. R. App. P. 47.1.

4

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of September, 2016.